## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SHAINNA BERNARD, *et al.*, | ) | Case No. 1:21-cv-01103 |
| | ) | |
| Plaintiffs, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge David A. Ruiz |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

Defendants City of Cleveland and Cuyahoga County request that the Court bifurcate discovery, staying *Monell* discovery "unless and until Plaintiffs' claims for a constitutional violation survive summary judgment." (ECF No. 24, PageID #359.) Plaintiffs object to bifurcation. (ECF No. 26.)  After review and consideration of the parties' respective positions on the issue, and the needs of the case based on the parties' claims and defenses, proportionality, efficiency, and the other goals of the litigation under the Civil Rules, the Court declines to bifurcate *Monell* discovery for the reasons explained below.

## ANALYSIS

"District courts have broad discretion in determining whether to bifurcate proceedings[.]" *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 355 (6th Cir. 2011).  "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  Whether to bifurcate or stage discovery in

this way depends "on the facts and circumstances of each case." *Saxion v. Titan-C-Mfg.*, 86 F.3d 553, 556 (6th Cir. 1996).

Defendants and Plaintiffs acknowledge the Court's broad discretion over bifurcation and matters of discovery. (ECF No. 24, PageID #363–64; ECF No. 26, PageID #402–03.) Defendants note that the Court previously stayed *Monell* discovery in *Mayer v. Cuyahoga County,* No. 1:19-cv-2620, 2021 WL 164216 (N.D. Ohio Jan. 19, 2021). (ECF No. 24, PageID #360 & 365.) There, the plaintiff was a detainee in the Cuyahoga County jail and claimed a corrections officer used excessive force on him after his hand twitched due to a neurological disorder while a nurse was handing him his medication. He sued the corrections officer and the County. *Mayer*, 2021 WL 164216, at *1. The Court ordered the parties to proceed with discovery on the underlying incident and stayed discovery of other specific incidents and individuals mentioned in the complaint until a determination was made regarding whether Mayer suffered a violation of his constitutional rights. *Id.* at *2. Simply put, *Mayer* involved different facts and circumstances in a claim a single plaintiff brought relating to a particular incident. Resolving the question whether *Mayer* involved a constitutional violation was more discrete and limited than the allegations here. Proceeding with merits discovery first in *Mayer* conserved the resources of the courts and the parties and deferred the more burdensome and expansive discovery attending a *Monell* claim until a determination whether doing so was necessary.

Although bifurcation of *Monell* claims may be appropriate in certain cases, such as in *Mayer*, it is not appropriate here in the Court's view. Unlike *Mayer*, this

case involves fifteen Plaintiffs who allege several constitutional violations against several Defendants arising from events on a particular day.  Various of the allegations, claims, and defenses overlap to some extent and have some factual commonalities.  On these facts and circumstances, policing the line between *Monell* discovery and discovery relating to a particular Plaintiff's alleged violations will be difficult at best.  Indeed, the *Monell* issues add only on the margins to the volume of potential discovery relating to the underlying violations asserted.  In other words, there is a greater burden from deferring some discovery or drawing a line between what discovery should go forward now as opposed to later.  Overall, where information about the alleged constitutional violations is likely intertwined with information relevant to the institutional Defendants' customs, policies, and practices, proceeding without bifurcation will save resources and promote judicial efficiency. Such is the case here.

## CONCLUSION

The Court declines to bifurcate *Monell* discovery.  In doing so, however, the Court reiterates its admonitions to counsel to prioritize and limit discovery in the first instance, to the extent practicable, to the information necessary for the parties to evaluate their respective claims and defenses to explore the possibility of early resolution.

**SO ORDERED.**

Dated:  October 12, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio