UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAINNA BERNARD, *et al.*, | ) | Case No. 1:21-cv-1103 |
| | ) | |
| Plaintiffs, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

The parties filed a stipulated dismissal of the claims of Plaintiffs Emily Forsee and Ryan Jones against the City of Cleveland and all named individual City Defendants with prejudice pursuant to Rule 41(a)(1)(A)(ii), while proceeding against the remaining Cuyahoga County Defendants (Cuyahoga County, Detective Randolph Kloos, Deputies Richard Rutkowski and Anthony LaRiccia). (ECF No. 39, Page ID #487.)  For the reasons below, the Court construes the stipulation as a motion under Rule 21, **GRANTS** that motion and **DISMISSES** the claims against the City of Cleveland and all named individual City of Cleveland Defendants with prejudice.

## BACKGROUND

On May 28, 2021, Ms. Forsee and Mr. Jones, among others, filed this lawsuit against the City of Cleveland, individual City of Cleveland law enforcement officers, Cuyahoga County, and individual Cuyahoga County law enforcement officers. (*See generally* ECF No. 1.)  Now, Ms. Forsee and Mr. Jones seek to "dismiss all of their claims against the City of Cleveland and all named individual City Defendants with

prejudice." (ECFNo. 39, PageID #487.)  They intend that this dismissal "shall have no effect on Plaintiffs' claims against the remaining named Cuyahoga County Defendants: Cuyahoga County, Detective Randolph Kloos, Deputies Richard Rutkowski and Anthony LaRiccia." (*Id*.)

## DISCUSSION

As filed, Plaintiffs' voluntary dismissal does not work under Rule 41.  By way of background, Rule 41(a)(1) addresses two discrete scenarios:  subpart (A)(i) concerns dismissals before an opposing party answers or otherwise responds to the complaint; and subpart (A)(ii) addresses stipulated dismissals signed by all parties who have appeared. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) & (ii).  This case does not involve the first scenario, and Plaintiffs' notice is not a stipulation signed by all parties.

But even if all parties signed the stipulation, Sixth Circuit precedent holds that Rule 41 can only be used to dismiss entire *actions*; accordingly, it cannot be used to dismiss fewer than all parties or all claims.  "Rule 41(a)(1) provides for the voluntary dismissal of an action not a claim; the word 'action' as used in the Rules denotes the entire controversy, whereas claim refers to what has traditionally been termed cause of action. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (quotations and citation mitted).  To dismiss fewer than all claims or parties from an action falls to Rule 21. *See id.*  "A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21." *Sheet Metal Workers' Nat'l Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-cv-7238, 2013 WL

3893556, at *4 (N.D. Ohio July 26, 2013) (citing *Taylor*, 286 F.2d at 785).  Accordingly, the Court construes Plaintiffs' stipulation as a motion under Rule 21.

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against any party." Fed. R. Civ. P. 21.  Unless the parties state otherwise, dropping a party under Rule 21 means that party is dropped without prejudice.  *See Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).  Here, Plaintiffs seek dismissal with prejudice.  (ECF No. 39, PageID #487.)

Typically, the remaining parties should have an opportunity to respond before the Court rules on a motion under Rule 21.  At least one court in this Circuit has observed that one reason to require parties to comply with Rule 21 is because "dropping less than the entirety of an action . . . risks prejudice to the other parties." *United States ex. rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 465 (E.D. Ky. 2018) (quoting *EQT Gathering, LLC, v. A Tract of Prop. Situated in Knott Cnty.*, No. 12-58-ART, 2012 WL 3644968, at *3 (E.D. Ky. Aug. 24, 2012)).

This issue need not detain the Court.  On the record presented, where Ms. Forsee and Mr. Jones agreed to dismiss the City of Cleveland and all named individual City Defendants, it is difficult to see how a decision not to prosecute these claims would prejudice the remaining Defendants.

## CONCLUSION

For the foregoing reasons, the Court construes Plaintiffs' stipulation of dismissal (ECF No. 39) as a motion to drop the City of Cleveland and all named individual City of Cleveland Defendants under Rule 21.  Accordingly, the Court **GRANTS** the motion

and **DISMISSES** the claims against the City of Cleveland all named individual City of Cleveland Defendants **WITH PREJUDICE.**  All parties to bear their own costs.

This dismissal shall have no effect on Plaintiffs' claims against the remaining named Cuyahoga County Defendants:  Cuyahoga County, Detective Randolph Kloos, Deputies Richard Rutkowski and Anthony LaRiccia.

**SO ORDERED.**

Dated:  September 15, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4